FILED by ___ B   D.C.
ELECTRONIC

# 09-cv-61418-JORDAN/WHITE

**Sept. 9, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

(Rev. 09/2007) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

## UNITED STATES DISTRICT COURT
### Southern District of Florida

Case Number: _____

Frederick Webster
_____
(Enter the full name of the plaintiff in this action)

**ORIGINAL**

v.

City of Pembroke Pines, a municipality
City of Pembroke Pines Police, an agency
of the City, et al,
Michael J. Satz, State Attorney, et al.
_____

(Above, enter the full name of the defendant(s) in this action)

DISTRICT COURT OF APPEAL
FOURTH DISTRICT
CLERK
RECEIVED
2009 SEP -4  PM 12: 17

## A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Instructions for Filing:

This packet includes four copies of the complaint form and two copies of the Application to Proceed without Prepayment of Fees and Affidavit. To start an action you must file an original and one copy of your complaint for the court and one copy for each defendant you name. For example, if you name two defendants, you must file the original and three copies of the complaint (a total of four) with the court. You should also keep an additional copy of the complaint for your own records. All copies of the complaint must be identical to the original.

Your complaint must be legibly handwritten or typewritten. Please do not use pencil to complete these forms. The plaintiff must sign and swear to the complaint. If you need additional space to answer a question, use an additional blank page.

Your complaint can be brought in this court only if one or more of the named defendants is located within this district. Further, it is necessary for you to file a separate complaint for each claim that you have unless they are all related to the same incident or issue.

cat / div  FTLD / 1983 /
Case #  09CV 61418
Judge  AJ   Mag  PAW
Motn Ifp  YES   Fee pd $  0
Receipt #  0

Page 1 of 5

PROVIDED TO
UNION CORRECTIONAL INSTITUTION
FOR MAILING
ON  8-31-09

1 of 25

(Rev. 09/2007) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

There is a filing fee of $350.00 for this complaint to be filed. If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis.

Two blank Applications to Proceed without Prepayment of Fees and Affidavit for this purpose are included in this packet. Both should be completed and filed with your complaint.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.

When these forms are completed, mail the original and the copies to the Clerk's Office of the United States District Court, Southern District of Florida, 400 North Miami Avenue, Room 8N09, Miami, Florida 33128-7788.

## I.     Parties

In Item A below, place your name in the first blank and place your present address in the third blank.

A.     Name of plaintiff: _Frederick Webster_

Inmate #: _856553_

Address: _Union Correctional Institution, 7819 N.W.228 Street Raiford, Florida 32026_

In Item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item C for the names, positions, and places of employment for any additional defendants.

B.     Defendant: _City of Pembroke Pines, a municipality_

is employed as _____

at _____

C.     Additional Defendants: _See additional page 2a attached hereto._

**Additional Parties**

Defendant _City of Pembroke Pines Police Dept._

Is employed as _____

At _City of Pembroke Pines_


Defendant _James Fisher_

Is employed as _Officer_

At _Pembroke Pines Police_


Defendant _Sergeant Edwards_

Is employed as _Officer_

At _Pembroke Pines Police_


Defendant _Keith Palent_

Is employed as _Officer_

At _Pembroke Pines Police_


Defendant _Michael J. Satz_

Is employed as _State Attorney_

At _Broward County State Attorney Office_


Defendant _Charles Morten_

Is employed as _Assistant State Attorney_

At _Broward County State Attorney Office_

2a

(Rev. 09/2007) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

## II. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places.

Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach an additional blank page if necessary.

See additional pages 3a through 3n attached hereto

## II.   STATEMENT OF CLAIMS CONTINUATION

In this action Plaintiff seeks declaratory judgment declaring Florida Statutes §§ 901.25, 810.02, 782.04(1)(a)(2)(e), and 782.04(b)(2)(e) unconstitutional as applied in Plaintiff's criminal case number 85-12326-CF-10B, in the Seventeenth Judicial Circuit Court for Broward County, Florida.   Plaintiff judgments of conviction and sentence for the offense of second degree felony murder was invalidated on direct appeal, and became final on October 4, 1989. See Webster v. State, 549 So.2d 784 (Fla. 4th DCA 1989).

Plaintiff also sues the Defendants for monetary damages for their involvement with the imposition of judgments of Plaintiff's wrongful conviction and sentence of second degree felony murder in violation of the 4th, 6th, and 14th Amendments to the United States Constitution.

On or about February 23, 2009, Plaintiff submitted his Notice of Intent to Sue to the Department of Insurance Risk Management.   To this present date Plaintiff has not received any response from the Department of Insurance. This action in timely filed under Florida Statute of limitation pursuant to Chapter(s) §§ 95.11(1) and 95.051, Fla. Stat.

### CLAIM ONE

Plaintiff sues Defendants, City of Pembroke Pines, a municipal corporation, and City of Pembroke Pines Police, an agency of the City for its unconstitutional

3a

policy employed for the training, supervision, and discipline of its police officers which has resulted in the unconstitutional judgment of Plaintiff's conviction and sentence for the offense of second degree felony murder in violation of the 4th, 6th, and 14th Amendments to the United States Constitution whereas:

a) On July 20, 1985, officer James Fisher of the City of Pembroke Pines Police, while acting under color of state law, with deliberate indifference to Plaintiff's aforesaid constitutional rights did initiate a high speed car chase of Plaintiff without a jot of probable cause based on his mere suspicion that Plaintiff had or was about to commit a burglary within the Royal Trust Shopping Plaza. There was no burglary reported to Fisher by any means, civilian or burglary alarm, nor did Fisher personally see any burglary activity involving anyone. Fisher ended his pursuit of Plaintiff in the city of Miramar after being instructed by his supervisor Sergeant Edwards to terminate the pursuit.

b) Subsequently, on July 20, 1985, Defendant Fisher of Pembroke Pines Police, while acting under color of state law and color of his agency without probable cause and without any warrant, with deliberate indifference to Plaintiff's aforesaid constitutional rights did with ill will arrested Plaintiff in Dade County, Florida on burglary offense which being "suspected to have occurred" within the city of Pembroke Pines. After Fisher had terminated his pursuit of Plaintiff in the city of Miramar Plaintiff's car continued on into Dade County whereupon it

collided with the car being driven by Ms. Marilyn Diersing thus, resulting in her death as well as the death of Lawrence Hargrett, the driver of the car in which Plaintiff was a passenger in. Fisher arrived at the collision scene at which time placed Plaintiff under arrest for the sole offense of burglary notwithstanding the fact that no burglary had been discovered anywhere in the city of Pembroke Pines. Fisher's arrest of Plaintiff was based on the sole offense of burglary. Defendant Fisher never did file any arrest affidavit of Plaintiff nor was Plaintiff taken before any court for the offense of burglary for which Fisher arrested Plaintiff on. At Plaintiff's criminal trial Fisher was examined by the trial judge and defense counsel on the subject of the officer's probable cause to initiate a high speed chase and arrest of suspects outside of the officer's jurisdiction. Defendant Fisher testified to the fact that the policy of his agency allows him to pursue suspects on his mere suspicion anywhere and the policy is often employed and followed by other officers of his agency. Defendant, City of Pembroke Pines acquiesces with the said policy of its police agency whereas; Fisher was not punished in any manner for his action taken by the City nor its Police Agency.

c) Sergeant Edwards of Pembroke Pines Police arrived at the collision scene in Dade County at which time while acting under color of state law and color of his agency, without probable cause, with deliberate indifference to Plaintiff's aforesaid constitutional rights did with malice conspired with Defendant Fisher to arrest

3c

Plaintiff on the burglary offense in order to buy time to find a burglary in which to charge Plaintiff with and any other offenses to justify their unjustified high speed pursuit of Plaintiff.

(d)  On July 20, 1985, Detective Keith Palent of Pembroke Pines Police while acting under color of state law, with ill will and deliberate indifference to Plaintiff's aforesaid constitutional rights did without probable cause file his Affidavit of Probable Cause for Plaintiff's arrest with Dade County Police. Defendant Palant's affidavit for Plaintiff's arrest was for one count of burglary and one count of grand theft, neither of which were supported with any probable cause. Defendant Palent's alleged probable cause was based upon the illegally seized evidence from the arrest of Plaintiff made by Defendant Fisher more than (5) hours earlier on that same date.

(e)  On July 20, 1985, Defendant Palent while acting under color of state law, with malice and deliberate indifference to Plaintiff's aforesaid constitutional rights did without probable cause file his Affidavit of Probable Cause with the clerk of Broward County Circuit Court in which he seek a capias warrant for the arrest of Plaintiff on the following charges: one count of burglary, one count of grand theft, and two counts of second degree felony murder.  As stated above the basis of Palent's probable cause for the burglary offense was based on the illegally seized evidence in the initial arrest of Plaintiff by Defendant Fisher.  Palent's basis

3d

for probable cause for arrest on the grand theft offense is also based on the same illegally seized evidence. As for the two second degree felony murder offenses, Palent's basis for arrest of Plaintiff was not supported by any evidence or basis in law.

(f) Defendant Palent then while acting under color of state law, with ill will and deliberate indifference to Plaintiff's aforesaid constitutional rights did conspire with Defendant Fisher of Pembroke Pines Police to fabricate the facts in making out Palent's sworn Affidavit of Probable Cause whereas the Affidavit alleged the following fabricated facts which Defendant Palent knew were false: (1) that officer Fisher observed Plaintiff at the crime scene (burglary), (2) that Plaintiff fled in a stolen Dodge Aries car, and (3) that officer Fisher was attempting to make a traffic stop of Plaintiff. These facts were intentionally fabricated and or misrepresented to the judge for a capias warrant for the arrest and malicious prosecution of Plaintiff whereas at no time nor stage of the prosecution did Fisher say he saw Plaintiff or either of his cohorts at Sophi's Card and Nook store; and at no time or stage of the prosecution was there any evidence produced nor alleged that the vehicle Plaintiff and his cohorts occupied was stolen. Moreover, at trial officer Fisher testified that he was in fresh pursuit of Plaintiff's car on a suspected burglary. Furthermore, Palent knew that Plaintiff was a passenger in the rear seat of their car and therefore Fisher could not have been attempting to make a traffic stop of Plaintiff, yet Palent

3e

acting with ill will did withheld this fact from the magistrate judge. Thus, the magistrate judge issues a capias warrant for Plaintiff's arrest based on the perjured and misrepresented facts contained in Defendant's Palent's sworn Probable Cause Affidavit.

(g)  On or about August, 1985, Defendants City of Pembroke Pines and its Police while acting under color of state law, with deliberate indifference to Plaintiff's aforesaid constitutional rights did extradite Plaintiff from Dade County jail to Broward County jail on the charge of one count of burglary, one count of grand theft and two counts of second degree felony murder. It is noted again that the initial arrest of Plaintiff was for the sole offense of burglary which was not discovered at the time of arrest of Plaintiff. Nevertheless, Defendants City of Pembroke Pines and Pembroke Pines Police while acting under color of state law, with deliberate indifference to Plaintiff's aforesaid constitutional rights did hold Plaintiff in custody in Dade County jail on a capias detainer for a "suspected" burglary offense to search for other offenses to later charge and maliciously prosecute Plaintiff on different offenses which consisted of entirely different elements form those of the burglary offense for which he was initially arrested on by officer Fisher  a classic example of an illegal search prior to the arrest.

h)  Defendant Palent while acting under color of state law appeared before the Grand Jury at which time Palent did with ill will and deliberate indifference to

3f

Plaintiff's aforesaid constitutional rights did give false testimony in the effect that officer Fisher did observe Plaintiff at the crime scene (burglary); and that Plaintiff fled the scene in a stolen car. Defendant, Palent also while acting with ill will did gave false testimony that Plaintiff was arrested while fleeing the "immediate scene" of the burglary. Defendant Palent, while acting under color of state law, with deliberate indifference to Plaintiff's aforesaid constitutional rights did seek to maliciously prosecute Plaintiff on any other offenses which he could find relevant to Defendant Fisher's initial arrest of Plaintiff.

i) Defendant James Fisher, also appeared before the Grand Jury at which time while acting under color of state law, with malice and deliberate indifference to Plaintiff's aforesaid constitutional rights he did sough the malicious prosecution of Plaintiff whereas he did advocated and verified the aforesaid perjured testimony and misrepresented facts testified to by Defendant Palent. The Defendants' willful violation of Plaintiff's constitution rights has resulted in the wrongful conviction and imprisonment of Plaintiff on second degree felony murder charge.

## CLAIM TWO

Plaintiff sues Assistant State Attorney Charles Morten in his individual capacity for the wrongful conviction and imprisonment of Plaintiff for second degree felony murder in violation of Plaintiff's constitutional rights guaranteed to

3g

him under the 4th, 6th, and 14th Amendments to the United States Constitution whereas:

a)   Defendant Morten, on June of 1986, while acting under color of state law with malice and deliberate indifference to Plaintiff's aforesaid constitutional rights did willfully and intentionally maliciously prosecute Plaintiff on second degree felony murder offense in the absence of any probable cause for the charge whereas: (1) The alleged victim of the homicide was Plaintiff's co-perpetrator who's death was alleged to have occurred when the car he and Plaintiff used as a get-away car collided with the another car as they were escaping the "immediate" scene of a burglary. Defendant Morten knew that the alleged burglary occurred in Broward County, while the collision which being the cause of death occurred in Dade County. Defendant Morten knew that there was no evidence to support the "immediate scene" allegation of the indictment. It is well settled that under Florida law a burglary is deemed completed when the perpetrator leaves the premises of the burglary and without proof of this essential fact the underline burglary would not be available to support the felony murder theory; (2)  under Florida law for Plaintiff to be held liable for the death of his co-perpetrator under second degree felony murder theory the prosecution must present evidence which will show beyond a reasonable doubt that the death of Plaintiff's co-perpetrator was cause by actions of an innocent bystander or an law enforcement officer.  Here, Defendant

Morten acting with ill will and malice knew before trial that he had no such evidence to support the second degree felony murder under either theory, yet in bad faith Defendant Morten intentionally maliciously prosecuted the Plaintiff without any probable cause for the charge thus willfully and intentionally placing the Plaintiff in jeopardy for the wrongful conviction and imprisonment which did ultimately occurred until reversed on appeal.

b) Defendant Morten, while acting under color of state law with malice and deliberate indifference to Plaintiff's aforesaid constitutional rights did without jurisdiction prosecute, convict and imprison Plaintiff for the offense of second degree felony murder of Lawrence Hargrett, Plaintiff's co-perpetrator.   On September of 1985, Broward County Grand Jury returned a true bill indictment against Plaintiff in which charged Plaintiff with "first degree felony murder" of Lawrence Hargrett. However, on June of 1986, Defendant Morten, while acting under color of state law, did with malice and deliberate indifference to Plaintiff's aforesaid constitutional rights did without jurisdiction seek to illegally amend the indictment in substance to charge second degree felony murder of Hargrett, opposed to the first degree felony murder initially found by the Grand Jury. Defendant Morten did not return the indictment to the Grand Jury for their finding of second degree felony murder; but instead Defendant Morten did willfully and intentionally preceded to trial on the void indictment which failed to invoke the

3i

jurisdiction of the trial court. As stated above subsequently, Plaintiff was wrongfully convicted of second degree felony murder and sentenced to imprisonment for a term of (22) years. The Defendant willful violation of Plaintiff's constitution rights has resulted in the wrongful conviction and imprisonment of Plaintiff on the said judgment of conviction and sentence from July 20, 1985 up until October 4, 1989, at which time the reversal of the conviction and sentence became final on appeal. See Webster v. State, supra.

## CLAIM THREE

Plaintiff sues State Attorney Michael J. Satz in his individual capacity for the wrongful conviction and imprisonment of Plaintiff for second degree felony murder in violation of Plaintiff's constitutional rights guaranteed to him under the 4th, 6th, and 14th Amendments to the United States Constitution whereas:

a)    Michael J. Satz, on June of 1986, while acting under color of state law with malice and deliberate indifference to Plaintiff's aforesaid constitutional rights did maliciously prosecute Plaintiff on second degree felony murder offense in the absence of any probable cause for the charge whereas: (1) The alleged victim of the homicide was Plaintiff's co-perpetrator who's death was alleged to have occurred when the car he and Plaintiff used as a get-away car collided with the another car at they were escaping the "immediate" scene of a burglary. Defendant

3j

Satz knew that the alleged burglary occurred in Broward County, while the collision which being the cause of death occurred in Dade County.  There was no evidence to support the "immediate scene" allegation of the indictment.  It is well settled that under Florida law a burglary is deemed completed when the perpetrator leaves the premises of the burglary and without proof of this essential fact the underline burglary would not be available to support the felony murder theory; (2) under Florida law for Plaintiff to be held liable for the death of his co-perpetrator under second degree felony murder theory the prosecution must present evidence which will show beyond a reasonable doubt that the death of Plaintiff's co-perpetrator was cause by actions of an innocent bystander or an law enforcement officer.  Here, Defendant Satz while acting with ill will and malice knew before trial that he had no such evidence to support the second degree felony murder under either theory, yet in bad faith Defendant Satz intentionally maliciously prosecuted the Plaintiff without any probable cause for the charge thus willfully and intentionally placing the Plaintiff in jeopardy for the wrongful conviction and imprisonment which did ultimately occurred until reversed on appeal.

b) Defendant Satz, while acting in his official capacity under color of state law with deliberate indifference to Plaintiff's aforesaid constitutional rights did without jurisdiction maliciously prosecute, convict and imprison Plaintiff for the offense of second degree felony murder of Lawrence Hargrett, Plaintiff's co-

3k

perpetrator.  On September of 1985, Broward County Grand Jury returned a true bill indictment against Plaintiff in which charged Plaintiff with "first degree felony murder" of Lawrence Hargrett.  However, on June of 1986, Defendant Satz, while acting under color of state law, with deliberate indifference to Plaintiff's aforesaid constitutional rights, without jurisdiction did seek to illegally amend the indictment in substance to charge second degree felony murder of Hargrett, opposed to the first degree felony murder initially found by the Grand Jury.  Defendant Satz did not return the indictment to the Grand Jury for their finding of second degree felony murder; but instead Defendant Satz did with deliberate indifference to Plaintiff's aforesaid constitutional rights preceded to trial on the void indictment which failed to invoke the jurisdiction of the trial court.  Defendant Satz willful violation of Plaintiff's constitution rights has resulted in Plaintiff's wrongful conviction of second degree felony murder and sentenced to imprisonment for a term of (22) years.  Plaintiff was imprisoned on the said judgment of conviction and sentence from July 20, 1985 up until October 4, 1989, at which time the reversal of the conviction and sentence became final on appeal.  See Webster v. State, supra.

## CLAIM FOUR

Plaintiff sues Officer James Fisher in his individual capacity for the wrongful conviction and imprisonment of Plaintiff for second degree felony

31

murder in violation of Plaintiff's constitutional rights guaranteed to him under the 4th,6th, and 14th Amendments to the United States Constitution whereas:

Plaintiff further relies and re-alleges the aforesaid facts as set forth supra, pages 1 to 7. Defendant Fisher's willful violation of Plaintiff's constitution rights has resulted in Plaintiff's wrongful conviction of second degree felony murder and sentenced to imprisonment for a term of (22) years. Plaintiff was imprisoned on the said judgment of conviction and sentence from July 20, 1985 up until October 4, 1989, at which time the reversal of the conviction and sentence became final on appeal. See Webster v. State, supra.

## CLAIM FIVE

Plaintiff sues Officer Keith Palent in his individual capacity for the wrongful conviction and imprisonment of Plaintiff for second degree felony murder in violation of Plaintiff's constitutional rights guaranteed to him under the 4th,6th, and 14th Amendments to the United States Constitution whereas:

Plaintiff further relies and re-alleges the aforesaid facts as set forth supra, pages 3 to 6. Defendant Palent's willful violation of Plaintiff's constitution rights has resulted in Plaintiff's wrongful conviction of second degree felony murder and sentenced to imprisonment for a term of (22) years. Plaintiff was imprisoned on the said judgment of conviction and sentence from July 20, 1985 up until October

3m

4, 1989, at which time the reversal of the conviction and sentence became final on appeal. See Webster v. State, supra.

## CLAIM SIX

Plaintiff sues Sergeant Edwards in his individual capacity for the wrongful conviction and imprisonment of Plaintiff for second degree felony murder in violation of Plaintiff's constitutional rights guaranteed to him under the 4th,6th, and 14th Amendments to the United States Constitution whereas:

Plaintiff further relies and re-alleges the aforesaid facts as set forth supra, page 3. Defendant Edward's willful violation of Plaintiff's constitution rights has resulted in Plaintiff's wrongful conviction of second degree felony murder and sentenced to imprisonment for a term of (22) years. Plaintiff was imprisoned on the said judgment of conviction and sentence from July 20, 1985 up until October 4, 1989, at which time the reversal of the conviction and sentence became final on appeal. See Webster v. State, supra.

(Rev. 09/2007) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

_____

_____

_____

_____

_____

**III.   Relief**

    State briefly exactly what you want the court do to do for you. Make no legal arguments. Cite no cases or statutes.

    _See additional pages 4a through 4d_

_____

_____

_____

_____

_____

_____

_____

_____

**IV.   Jury Demand**

    Do you demand a jury trial?   ☑Yes   ☐No

Page 4 of 5

## III   RELIEF CONTINUATION

In this action Plaintiff seeks declaratory judgment declaring Florida Statutes §§ 901.25, 810.02, 782.04(1)(a)(2)(e), and 782.04(b)(2)(e) unconstitutional as applied in Plaintiff's criminal case number 85-12326-CF-10B, in the Seventeenth Judicial Circuit Court for Broward County, Florida.   Plaintiff further seeks injunctive relief in the context of an order of this Court compelling the Seventeenth Judicial Circuit Court to grant Plaintiff leave to file a collateral attack on the validity of the said statutes as applied.

Plaintiff seeks compensatory monetary damages form all named Defendants in the amount of $150,000.00 for their personal involvement with the violation of Plaintiff's federal constitutional rights which has resulted in the wrongful conviction and imprisonment of Plaintiff on second degree felony murder offense.   Plaintiff has suffered irreparable harm resulting from Defendants' deliberate indifference to Plaintiff's aforesaid constitutional rights whereas:

1)   Plaintiff has suffered irreparable damage to his companionship with his wife in that Plaintiff's wife has divorced him as a result of his conviction and imprisonment. Plaintiff claims that his marriage is priceless to him after acquiring a son from his wife and being with her for more than 18 years before divorced. Plaintiff suffers emotional stress from the lost of his relationship with his wife.

4a

2)      Plaintiff has suffered irreparable damage to his companionship with his son where the divorce court has ordered that Plaintiff be prohibited from visitation with his biological son and step-daughter.  Again Plaintiff claims that his relationship with his son and daughter in priceless and no price tag can be placed on the value of his relationship with his off-springs.  Plaintiff suffers emotional stress and mental anguish from the lost of his right to have a parental relationship with his siblings due to the wrongful conviction and imprisonment.

3)      Plaintiff has suffered irreparable damage to his companionship with his parents who have become deceased since his conviction and imprisonment for the second degree felony murder offense.  Plaintiff cannot place any price tag on the value of his relationship with his parents whereas he has always been very close to his parents.  Plaintiff suffered emotional stress and mental anguish from the denial of his right to attend their funeral due to his incarceration on the wrongful conviction and sentence.

4)      Plaintiff suffers prejudice from the lost of his right to receive his Veteran benefits in that he was convicted and imprisoned for second degree felony murder. The VA rules prohibit veterans from earning their disability benefits while incarcerated.  Plaintiff only receives 50% of his VA benefits which is $61.50 monthly while incarcerated.

4b

5)    Plaintiff suffers emotional stress and mental anguish from the denial of his due process rights at trial in that if he was afforded his due process he would have not been charged not alone convicted as there was no probable cause for the charges as stated supra.

6)    Plaintiff suffers emotional stress and mental anguish from his wrongful conviction and imprisonment in that he is wrongfully subjected to a hostile environment where he has to live in fear for his life each and every day. Plaintiff has been stabbed by other inmates several times causing Plaintiff to have nightmares at night and nerve conditions.

7)    Plaintiff seeks punitive damages in the amount of $50,000.00 from Defendant James Fisher for his reckless indifferences to Plaintiff's aforesaid federal constitutional rights.

8)    Plaintiff seeks punitive damages in the amount of $50,000.00 from Defendant Sergeant Edwards for his reckless indifferences to Plaintiff's aforesaid federal constitutional rights.

9)    Plaintiff seeks punitive damages in the amount of $50,000.00 from Defendant Keith Palent for his reckless indifferences to Plaintiff's aforesaid federal constitutional rights.

10)    Plaintiff seeks punitive damages in the amount of $100,000.00 from

4c

Defendant Michael J. Satz for his reckless indifferences to Plaintiff's aforesaid federal constitutional rights.

11)    Plaintiff seeks punitive damages in the amount of $75,000.00 from Defendant Charles Morten for his reckless indifferences to Plaintiff's aforesaid federal constitutional rights.

4d

(Rev. 09/2007) Complaint Under The Civil Rights Act, 42 U.S.C. § 1983

Signed this _____31 st_____ day of _____August_____, 20_09_

_____Frederick Webster_____

(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct. *(optional)*

Executed on: _____August 31, 2009_____

_____Frederick Webster_____

(Signature of Plaintiff)

Page 5 of 5

FILED by __ D.C.
ELECTRONIC

**Sept. 9, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI



Frederick Webster, #856553
Union Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026-4190